UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Leonardo Caffo,

    Plaintiff,

vs.                                                    Case No. 8:03-cv-2289-MSS

Dillard's, Inc.,

    Defendant.
_____/

## ORDER

This cause comes on for consideration upon the filing of Plaintiff's Motion for Renewed MJOL (sic), or Alternatively, Plaintiff's Motion for New Trial (Dkt. 82), Plaintiff's Memorandum of Law in Support of His Renewed Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial (Dkt. 84), Defendant's Response to Plaintiff's Motion for Renewed MJOL (sic), or Alternatively, Motion for New Trial (Dkt. 87), and Defendant's Motion to Tax Costs and Attorneys' Fees (Dkt. 85). For the reasons stated below, Plaintiff's Motion (Dkt. 82) is **DENIED** and Defendant's Motion (Dkt. 85) is **GRANTED IN PART**.

I.     **Plaintiff's Motion for Renewed JMOL, or Alternatively, Motion for New Trial (Dkt. 82)**

Plaintiff argues that the Court erred in failing to grant Plaintiff's Motion for Judgment as a Matter of Law and, alternatively, argues that he is entitled to a new trial. Specifically, Plaintiff contends that the Court erred by (1) allowing Defendant to impeach Plaintiff by undisclosed affidavit; (2) allowing Defendant to impeach Plaintiff by raising Plaintiff's failure to reveal the name of a mental health counselor with whom Plaintiff consulted; (3) failing to instruct the jury on

Plaintiff's special instruction concerning the absence of entry of a business record as evidence of negligence; (4) admonishing Plaintiff's counsel and (5) failing to conduct an evidentiary hearing concerning gestures made by Defense counsel's associate and secretary.

As Defendant correctly notes, federal law provides the rule of decision when addressing the setting aside of a jury verdict. See Prudential Ins. Co. of America v. Schreffler, 376 F.2d 397, 399 (5th Cir. 1967)[1]. A motion to set aside a jury's verdict may only occur when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." Watts v. Great Atlantic and Pacific Tea Co., Inc., 842 F.2d 307, 309 (11th Cir. 1988). Viewing the evidence in the light most favorable to the non-movant, Defendant, the Court finds the verdict rendered by the jury in this case to be well supported by the record. See Schreffler, 376 F.2d at 399. The applicable standard of proof is established in this case by Fla. Stat. § 768.0710.

On the evidence provided in this case, the jury found no liability on the part of Defendant for Plaintiff's alleged fall and alleged resulting injury. Not being privy to the jury's deliberation, one cannot know what evidence was considered more persuasive, but there certainly was evidence and a lack of evidence, from which the jury could have concluded that Plaintiff did not fall, even though Defendant did not contest that Plaintiff fell, or that if he did, the fall was not caused by any negligence on the part of Defendant. For example, only Plaintiff and his friend witnessed the alleged fall. Defense witnesses testified that only a small amount of soap was observed on the floor surrounding the alleged fall. Defense witnesses testified that the restroom was maintained in

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

excellent condition on a regular basis so much so that employees in other surrounding establishments chose to use Defendant's restrooms. Plaintiff and his friend appeared at the time of the fall not to be able to speak English and declined to provide details of the incident to Defendant's management. Yet, at the trial each spoke perfect English. Plaintiff claims to have been in the store to purchase gifts for his twins yet had only purchased a pair of silk boxers for himself at the time of the fall. This evidence or lack thereof, which are only examples of that available in the record, could sustain the jury's finding of the absence of liability in this case. Plaintiff's challenge on this ground, therefore, fails.

Plaintiff's demand for a new trial on the basis of improper impeachment also fails. Prior inconsistent statements are available for impeachment and need not be disclosed in advance of trial as they are not admitted into evidence. U.S. v. Brown, 2005 WL 2293466, at *3 (11th Cir. Sept. 21, 2005); Fed. R. Civ. P. 26(a)(3). Here, the method of impeachment employed by Defendant was limited, to the point, and proper.

Plaintiff's demand for a new trial on the basis of the denial of the rejected improper jury instruction fails for the reasons stated when the instruction was disallowed.

Plaintiff's request for a new trial on the basis of prejudicial admonishing of trial counsel also fails. The Court's admonishment of Plaintiff's counsel was warranted and appropriate. At the point in the trial to which this challenge relates, the Court sustained Defendant's objection. In response, Plaintiff's counsel, in the presence of the jury, threw his hands in the air and mouthed the word "Wow" and sat in his chair in an exaggerated expression of disgust and disagreement. As is directed by the local rules of this Court, "[c]ounsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval

3

during the testimony of witnesses, or at any time, are absolutely prohibited." M.D. Fla. Rule 5.03(b)(16). At side bar the Court admonished counsel for this behavior which is unseemly for a lawyer of his experience. As Defendant explained, this was done at side bar, far away from the jury and with every effort to shield it from the hearing of the jury. Even if the jury overheard it, the admonishment was not improper and would not warrant a new trial. The cases cited by Plaintiff in support of his contrary position simply are inapposite. The Court would further note that it exercised a great deal of restraint in not admonishing counsel in several instances when it was warranted, for example, when counsel lay prone on the floor using himself as a non-disclosed demonstrative exhibit to try to show that Defendant's management could not have seen the sole of Plaintiff's shoes after he fell or when counsel used the Court's microphone several times during closing as a theatrical prop. Finally, the Court has previously addressed concerns about the individuals who were observing proceedings in the courtroom. That ruling stands. Accordingly, Plaintiff's Motion for Renewed MJOL (sic), and Plaintiff's Motion for New Trial (Dkt. 82) are **DENIED**.

## II. Defendant's Motion to Tax Costs and Attorneys' Fees (Dkt. 85)

### A. Background

On June 8, 2005, Defendant obtained a favorable judgment in the above-styled civil action pursuant to a unanimous jury verdict. (Dkt. 77). On June 22, 2005, Defendant, as the prevailing party, filed a Motion to Tax Costs and Attorneys' Fees, accompanied by verified affidavits of costs and of attorneys' fees, pursuant to Federal Rules of Civil Procedure 54 and 68, Local Rule 4.18 and Florida Statute § 768.79, seeking taxation of costs against Plaintiff in the amount of $13,208.54 and taxation of fees in the amount of $42,497.50. (Dkt. 85).

B.  **Recovery of Attorneys' Fees**

On April 22, 2005, Defendant served an Offer of Judgment in the amount of $10,000.00 on Plaintiff pursuant to Rule 68 and Fla. Stat. § 768.79. Plaintiff did not accept the offer. Fla. Stat. § 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....

This provision applies to this diversity action. See McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), modified on other grounds, 311 F.3d 1077 (11th Cir. 2002); see also Tanker Management, Inc. v. Brunson, 918 F.2d 1524, 1527 (11th Cir. 1990); Walker v. Bozeman, 243 F. Supp. 2d 1298, 1304 (N.D. Fla. 2003); Watson v. Wal-Mart Stores, Inc., 2005 WL 1266686, at *1 n.1 (N.D. Fla. May 25, 2005).

Fla. Stat. § 768.79 requires that the offer (1) be in writing and state that it is being made pursuant to section 768.79; (2) name the party making the offer and the party to whom it is being made; (3) state with particularity the amount offered to settle any claim for punitive damages; and (4) state its total amount. Having complied with these requirements, the Court finds that Defendant made a proper Offer of Judgment to Plaintiff. Accordingly, Defendant is entitled to fees.

While it "could be debated whether federal or Florida law governs determination of the *amount* of fees to be awarded under the Florida offer of settlement statute in a diversity case litigated in federal court," Florida courts have adopted the federal lodestar approach. Watson, 2005 WL 1266686 at *2 n.4. Thus, the Court will address the amount of fees to be awarded pursuant to federal law. In awarding attorney's fees, the Court must calculate a lodestar rate by multiplying the number

of hours reasonably expended on the litigation by the reasonable hourly rate for the attorney's services. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996)(citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299, 1302 (11th Cir. 1988)); Schafler v. Fairway Park Condominium Ass'n, 324 F. Supp. 2d 1302, 1309 (S.D. Fla. 2004). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1303). After determining the lodestar, the court has discretion to adjust the resulting amount based on a number of different factors. Id. (citing Norman, 836 F.2d at 1302).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant must prove that the requested rate is in line with prevailing market rates by more than just the affidavit of the attorney performing the work. Id. However, where the affidavits or evidence submitted are inadequate, the court may use its own expertise to determine a proper hourly rate. Id. at 1303. In considering what constitutes a reasonable hourly rate courts continue consider the "Johnson factors;" (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See id. at 1299-1300;

Schafler, 324 F. Supp. 2d at 1313 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

Here, Plaintiff has not filed any objections to Defendant's requested fees. According to Defendant's affidavit, attorney Mary Thomas expended 143.9 hours of time on behalf of Defendant from April 22, 2005, through June 8, 2005, at an hourly rate of $140.00 per hour; attorney Robert Stoler, who has practiced law for sixteen years, expended 89.8 hours of time on behalf of Defendant from April 22, 2005, through June 8, 2005, at an hourly rate of $175.00 per hour; paralegal Jodi Almeida expended 102.1 hours of time at the rate of $65.00 per hour. Defendant has provided the Court with an affidavit of Mary Thomas in support of its request for fees. However, Defendant has not provided an attorney affidavit regarding the prevailing market rate for attorneys of similar experience practicing in the Tampa market nor has Defendant provided the Court with any time records to support the stated hours expended.

The Court, utilizing its own experience, finds that the hourly rates requested are reasonable. This slip and fall case did not present particularly novel or difficult questions. However, the Court observed the skilled presentation by Defendant's attorneys and believes that the requested rates are commensurate with rates charged by attorneys of similar skill and experience practicing here in Tampa. Additionally, the Court finds that the number of hours expended is reasonable viewing the pleadings of record and in consideration of the length of the trial in this case.

Accordingly, it is **ORDERED** that Defendant's request that the Court award fees in the amount of $42,497.50 is **GRANTED**.

C.  **Standard for Taxation of Costs**

Federal law governs the award of costs in this diversity case. See Zunde v. International Paper Co., 2000 WL 1763843, at * 5 (M.D. Fla. 2000)(citing Chaparral Resources, Inc. v. Monsanto Co., 849 F.2d 1286, 1291-92 (10th Cir. 1988)[2] and Bosse v. Litton Unit Handling Sys., Div. of Litton Sys., Inc., 646 F.2d 689, 695 (1st Cir. 1981)). Rule 54(d) of the Federal Rules of Civil Procedure provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (emphasis added). Thus, there is a presumption in favor of awarding costs to the prevailing party. See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). A court may only tax costs "as authorized by statute." E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987), superseded on other grounds, 42 U.S.C. §1988(c) (1991)). Title 28 United States Code Section 1920, sets forth the expenses a federal court may tax as costs under the discretionary authority granted by Fed. R. Civ. P. 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of

---

[2]  The Court notes that Chaparral Resources, Inc. was distinguished in Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1178 (10th Cir. 2000) based on the fact that Garcia involved a state statute that expressly mandated an award of "actual costs." Here, the state statute mandates an award of "reasonable costs." Further, in Garcia the court nevertheless remanded the case for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1) and (d)(2) to the extent that they were not preempted by a federal statute such as 28 U.S.C. § 1821.

8

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Plaintiff has failed to file any objections to Defendant's request pursuant to Rule 54 and Local Rule 3.01(b). Nevertheless, the Court has reviewed Defendant's itemized costs. The Court will not permit recovery of postage charges in the total amount of $28.55. See e.g. American Home Assurance Co. v. The Phineas Corp., 2004 WL 3142554, at *2 (M.D. Fla. Sept. 17, 2004). The Court will not permit the recovery of legal research costs in the amount of $409.33. See Duckworth, 97 F.3d at 1399; see also Minnick v. Dollar Financial Group, Inc., 2002 WL 1023101, at *10 (E.D. Pa. May 20, 2002).

Further, the Court will not permit recovery of the requested expert fees in the amounts of $1,000.00 for the deposition of Plaintiff's expert, $9,500.00 for the trial appearance fee for Defendant's expert or $593.75 and $68.75 for the deposition of G. Hartley Melish, Ph.D. 28 U.S.C. § 1920(6) provides for the compensation of court appointed experts. 28 U.S.C. § 1920(3) provides for the compensation of other witnesses. 28 U.S.C. § 1821 provides for a witness attendance fee of $40 per day for each day spent in court or at a deposition in addition to compensation for travel and subsistence. Federal courts may tax expert witness fees in excess of the limit set out in § 1821(b) only when the witness is court appointed. See Crawford Fitting Co., 482 U.S. at 442. Reimbursement to a prevailing party for fees paid to an expert for appearance at a deposition or at trial in excess of the $40.00 per day fee is improper. See Morrison v. Reichold Chemicals, 97 F.3d 460, 463 (11th Cir. 1996)(citing Crawford Fitting Co., 482 U.S. at 441); Walker v. Bozeman, 243 F. Supp. 2d 1298, 1308-09 (N.D. Fla. 2003). Accordingly, costs for witness fees of Plaintiff's

9

expert, Defendant's expert and G. Hartley Melish, Ph.D. will be taxed in the amount of $120.00 total ($40.00 each) rather than the requested $11,093.75.

Accordingly, and in light of the above legal standards, the Court taxes costs against Plaintiff and in favor of Defendant in the amount of $1,796.91.

### III. Conclusion

Plaintiff's Motion for Renewed MJOL (sic), and Plaintiff's alternative Motion for New Trial (Dkt. 82) are **DENIED**. Defendant's Motion for Taxation of Costs and Attorney's Fees (Dkt. 85) is **GRANTED IN PART**. Fees are awarded pursuant to the Offer of Judgment in the amount of $42,497.50. Costs are awarded in the amount of $1,796.91.

**DONE AND ORDERED** in Tampa, Florida on this ___10th___ day of November, 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record